**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MCCROREY,** | : | **Civil Action No.** |
| **4123 I Street** | : | |
| **Philadelphia, PA 19124** | : | |
|    **Plaintiff,** | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **CITY OF PHILADLEPHIA,** | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT,** | : | |
| **750 Race Street** | : | |
| **Philadelphia, PA 19106** | : | |
|    **Defendant.** | : | |

## CIVIL ACTION

  Plaintiff, John McCrorey (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against City of Philadelphia, Philadelphia Police Department (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## **THE PARTIES**

 1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

 2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, City of Philadelphia, Philadelphia Police Department is the City of Philadelphia's Police Department with a location and headquarters located at 750 Race Street, Philadelphia, PA 19106.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2021-00170 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 8, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

## **PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on January 22, 1960.

21. On February 16, 1982, Defendant hired Plaintiff.

22. Plaintiff was well qualified for his position and performed well.

23. In December 1989, Defendant promoted Plaintiff to Corporal.

24. Plaintiff was well qualified for his position and performed well.

25. In or around June 1990, Defendant promoted Plaintiff to Sergeant.

26. Plaintiff was well qualified for his position and performed well.

27. On December 10, 1994, Defendant promoted Plaintiff to Lieutenant.

28. Plaintiff was well qualified for his position and performed well.

29. Plaintiff was one of approximately 13 supervisors in the Narcotics Field Unit (plainclothes attire) which is part of the Narcotics Bureau.

## **CHIEF INSPECTOR FLACCO MADE DISCRIMINATORY COMMENTS AND ANNOUNCED THE CREATION OF A NEW UNIT**

30. Since mid-July 2020, the Narcotics Bureau has been commanded by Chief Inspector Christopher Flacco.

31. On September 22, 2020, Plaintiff met Chief Inspector for a supervisors' meeting.

32. During this meeting, Chief Inspector Flacco commented on how old the supervisors and personnel assigned to the unit.

33. Chief Inspector Flacco addressed a recent redeployment of Narcotic Field Unit personnel that require members to be in uniform and detailed to protests and rallies in Center City.

34. He stated that, "we are out of the protest business", and he did not believe "the police force needed a bunch of fifty-year-old cops in uniform acting as an ERG (Emergency Response Group)."

35. Plaintiff was shocked and offended by Chief Inspector Flacco's discriminatory comments.

36. Chief Inspector Flacco proceeded to again ask who was in the DROP ("Deferred Retirement Option Plan") Program.

37. Plaintiff, along with Sergeant Schuck and Lieutenant Robert Muldoon (60's) raised their hands.

38. Plaintiff's DROP date was October 23, 2021.

39. Chief Inspector Flacco then went on to inform the group that he was going to create an additional squad of three (3) supervisors and 20 Police Officers to address a particular section of the city.

### CHIEF INSPECTOR FLACCO SELECTED SIGNIFICANTLY YOUNGER EMPLOYEES FOR THE NEWLY CREATED UNIT THAT ALLOWED FOR ADVANCEMENT AND OVERTIME HOURS

40. Chief Inspector Flacco proceeded to select Lieutenant Marques Newsome, Sergeant Vincent Nowakowski and Sergeant Alonzo Jett, all in their 40's, for the three (3) Field Unit Supervisor positions.

41. The Field Unit Supervisor positions have the opportunity to earn overtime

42. Plaintiff, Sergeant Schuck and Lieutenant Muldoon have more seniority and experience in the unit, but were not consulted or considered for assignment to the new squad.

43. As a result, Plaintiff, Sergeant Schuck and Lieutenant Muldoon were denied advancement and the opportunity to earn overtime.

## CHIEF INSPECTOR FLACCO PROCEEDED TO TRANSFER PLAINTIFF WITHOUT

44. Chief Inspector Flacco proceeded to then remove Plaintiff and his entire squad, all over 50 years old, from the East Division and reassign them to different squads.

45. The East Division was then overhauled and assigned three (3) supervisors approximately 20 officers who were all significantly younger than Plaintiff.

46. Chief Inspector Flacco proceeded no explanation for Plaintiff's transfer.

47. Upon information and belief, there was no legitimate business reason for Plaintiff's transfer.

48. Plaintiff believed that the transfer was due to his age.

## PLAINTIFF WAS PLACED ON SICK LEAVE AS A RESULT OF DEFENDANT'S DISCRIMINATORY CONDUCT

49. As a result, Plaintiff suffered from significant stress and anxiety, which required him to go out on sick leave beginning on September 23, 2020.

## PLAINTIFF FILED AN EEOC CHARGE OF DISCRIMINATION

50. On February 23, 2021, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant alleging age discrimination.

## PLAINTIFF WAS DENIED HIS REQUEST TO CONTINUE TO WORK FOLLOWING HIS DROP DATE

51. In or around June 2021, Plaintiff applied to continue to work for one (1) year following his DROP date to Defendant's Personnel Department.

52. The Personnel Representative informed Plaintiff that it would not be an issue for him to continue to work for one (1) year following his DROP date.

53. However, shortly afterwards, Plaintiff received a letter from Defendant that he was denied the ability to continue to work for one (1) year after his DROP date.

54. No reason was provided for this denial.

55. Upon information and belief, Chief Inspector Flacco denied Plaintiff's request to continue to work after his DROP date.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff was born on January 22, 1960.

58. Plaintiff was qualified to perform the job.

59. Defendant treated younger employees more favorably than Plaintiff.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

62. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff was born on January 22, 1960.

65. Plaintiff was qualified to perform the job.

66. Defendant treated younger employees more favorably than Plaintiff.

67. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

68. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

69. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – RETALIATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

70. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

71. Plaintiff engaged in activity protected by ADEA when he filed a Charge of Discrimination with the EEOC.

72. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, denying his application to work after his DROP date.

73. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

74. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

75. Plaintiff engaged in activity protected by the PHRA when he filed an external complaint of age discrimination with the EEOC.

76. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, denying his application to work after his DROP date.

77. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, John McCrorey, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation

from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permited by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 6, 2022    By:  */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*